IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARICELA RAMIREZ**, <br><br>    Plaintiff, <br><br>    v. <br><br> **ADVENTIST MEDICAL CENTER,** *et al.*, <br><br>    Defendants. | Case No. 3:17-cv-0831-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff brings *pro se* this lawsuit against numerous defendants, including as relevant to the pending motion the State of Oregon, the Oregon Department of Justice, the Oregon Board of Nursing, and the Oregon Health Authority (collectively, the "State Defendants"). Plaintiff brings claims against the State Defendants under 42 U.S.C. § 1983, alleging that they violated her constitutional rights by discriminating against her on the basis of race. She also alleges that they aided and abetted a breach of fiduciary duty.[1] Before the Court is the State Defendants' motion

---

[1] It does not appear that Plaintiff is alleging her other state claims against the State Defendants, but to the extent that she is, they are similarly barred by sovereign immunity, as discussed in this Order.

PAGE 1 – ORDER

to dismiss filed by the State of Oregon. For the reasons stated below, the State Defendants' motion is granted.

The Eleventh Amendment to the United States Constitution bars citizens' suits against states in federal court. A state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation, or the state itself has waived it. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

Here, the state of Oregon has not waived sovereign immunity and consented to suit, and Congress has not abrogated state sovereign immunity for Section 1983 claims. *See Braunstein v. Arizona Department of Transportation*, 683 F.3d 1177, 1188 (9th Cir. 2012). Plaintiff's state tort claims are similarly barred by sovereign immunity. The Oregon Tort Claims Act provides for a limited waiver of sovereign immunity, but it is not a waiver of Eleventh Amendment immunity from suit in federal court. *See Millard v. Or. Dep't of Corrections,* 2014 WL 2506470, at *14 (D. Or. June 3, 2014).

Plaintiff argues that, because she makes a claim for injunctive relief, sovereign immunity does not apply. Where, however, the state itself, or one of its agencies or departments is the defendant (as opposed to a state officer or official), the Eleventh Amendment "bar exists whether the relief sought is legal or equitable." *Papasan v. Attain*, 478 U.S. 265, 276 (1986). Thus, the State Defendants are immune from Plaintiff's suit.

The State Defendants' Motion to Dismiss (ECF 27) is GRANTED. Plaintiff's claims against the State Defendants are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 12 th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge