IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARICELA RAMIREZ**, | Case No. 3:17-cv-831-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ADVENTIST MEDICAL CENTER,** *et al.*, | |
| Defendants. | |

Maricela Ramirez. Plaintiff, *pro se*.

Rodney K. Norton, HART WAGNER, LLP, 1000 SW Broadway, Portland, OR 97205. Stephanie C Kucera, HART WAGNER, LLP, 439 SW Umatilla Avenue, Redmond, OR 97756. Of Attorneys for Defendant Adventist Medical Center.

Robert M. Keating, Kelly Frances Huedopohl, and Tamara X. Arthur, KEATING JONES HUGHES, P.C., One SW Columbia, Suite 800, Portland, OR 97258-2095. Of Attorneys for Defendants Tania Shaw, MD and Krista Swaninger, MD.

Melissa J. Bushnick and Grant D. Stockton, BRISBEE & STOCKTON LLC, 139 NE Lincoln Street, Hillsboro, OR 97123. Of Attorneys for Defendant Providence Health & Services – Oregon *doing business as* Providence St. Vincent Medical Center.

Chelsea J. Glynn and Donald E. Templeton, DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP, 851 SW Sixth Avenue, Suite 1500, Portland, OR 97204-1357. Of Attorneys for Defendant Metro West Ambulance Service, Inc.

**Michael H. Simon, District Judge.**

Plaintiff Maricela Ramirez ("Plaintiff") brings *pro se* this lawsuit against Adventist Medical Center ("Adventist"), Tania Shaw, M.D. ("Shaw"), Krista Swaninger, M.D. ("Swaninger") (collectively, "Adventist Defendants"), and several other defendants, alleging medical malpractice, discrimination, retaliation, breach of fiduciary duty, fraud, and intentional infliction of emotional distress. Plaintiff's claims against the Adventist Defendants arise from two visits to Adventist's Emergency Department on May 26 and 27, 2013. Plaintiff claims that she was discriminated against and that the Adventist Defendants concealed her true medical condition from her by telling her that her test results were normal when they were not.

Before the Court are two motions to dismiss by the Adventist Defendants and two additional motions by Plaintiff. For the reasons stated below, the Adventist Defendants' motions to dismiss are granted. Plaintiff's motions for extension of time to complete service of process and for a court-appointed expert witness are denied.

## DISCUSSION

### A. Adventist Defendants' Motions to Dismiss

Adventist filed a motion to dismiss, and Shaw and Swaninger filed a separate motion to dismiss that joined in Adventist's motion and expressly adopted the former's summary of Plaintiff's claims, standard of review, exhibits, and argument. The Adventist Defendants all argue that Plaintiff's claims are precluded, that they are time-barred, and that Plaintiff does not state a claim. Shaw and Swaninger also move to dismiss Plaintiff's claims based on insufficient service of process.

#### 1. Claims Against Adventist and Swaninger

Plaintiff's claims against Adventist and Swaninger are precluded. Plaintiff has previously sued each of the Adventist Defendants based on her two visits to Adventist in May 2013. In July

2014 Plaintiff filed a complaint in Multnomah County Circuit Court ("*Ramirez I*"). ECF 57-1. Adventist, Shaw, and Swaninger were all named defendants in that case. Plaintiff failed to serve Shaw in *Ramirez I*, and the court dismissed Plaintiff's claims against Shaw for want of prosecution, pursuant to Rule 7.020(2) of the Oregon Uniform Trial Court Rules. ECF 74-1. The court then granted summary judgment in favor of the remaining defendants. ECF 57-3 at 44. That decision was affirmed on appeal. *Ramirez v. Adventist Med. Ctr.*, 273 Or. App. 821 (2015), *rev. den.*, 358 Or. 611 (2016), *cert. denied*, 137 S. Ct. 74 (2016); ECF 57-4 at 46, ECF 57-3.

Federal courts must "afford the same full faith and credit to state court judgments that would apply in the State's own courts." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982). The Court is bound to "give the same . . . preclusive effect to a state court judgment as that judgment would have in the state courts of the state in which it was rendered." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (explaining that federal courts must "refer to the preclusion law of the State in which judgment was rendered"). There are two types of preclusion: issue preclusion (formerly known as *collateral estoppel*); and claim preclusion (formerly known as *res judicata*). Adventist, Shaw, and Swaninger argue that Plaintiff's claims are barred by claim preclusion. Adventist, Shaw, and Swaninger also argue that Plaintiff's claims are barred by issue preclusion.

Claim preclusion "prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or. 504, 510 (2005). The Oregon Supreme Court has consistently defined "claim preclusion" as follows:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is

PAGE 3 – OPINION AND ORDER

> based on the same factual transaction that was at issue in the first,
> seeks a remedy additional or alternative to the one sought earlier,
> and is of such a nature as could have been joined in the first action.

*Id.* at 510-11 (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323 (1982)). A party is foreclosed from litigating the same claim "on any ground or theory of relief that the party could have litigated in the first instance." *Id*. at 511. "[C]ourts employ a broad definition of what could have been litigated." *Drews v. EBI Companies*, 310 Or. 134, 141 (1990). "Claim preclusion does not require actual litigation of an issue of fact or law . . . [n]or does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." *Id*. at 140. Claim preclusion does, however, require that the plaintiff had, in the former case, "[t]he opportunity to litigate . . . , whether or not it is used." *Id.* There also must be finality. *Id.*

Adventist and Swaninger were properly served in *Ramirez I*, and the claims against them were dismissed with prejudice at summary judgment. Here, Plaintiff seeks to re-litigate the same claim. Her grievances stem out of the same transactions—her back-to-back hospital visits in May of 2013—and are alleged against the same defendants. In *Ramirez I*, Plaintiff similarly alleged medical malpractice and discrimination. To the extent that Plaintiff is currently attempting to bring different claims, or is raising different theories of liability, she is still precluded as these were "ground[s] or theor[ies] of relief that [she] could have litigated in the first instance." *Bloomfield*, 339 Or. at 511; *see also Troutman v. Erlandson*, 287 Or. 187, 201 (1979) ("For *res judicata* purposes a 'claim' or 'cause of action' does not mean the particular form or proceeding by which a certain kind of relief is sought but, rather, a group of facts which entitled plaintiff to relief.").

Plaintiff argues that she only recently discovered that she could assert claims for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty. Thus, she argues, these

PAGE 4 – OPINION AND ORDER

claims should not be precluded. This, however, is just such a "ground or theory of relief that [Plaintiff] could have litigated in the first instance." *Bloomfield*, 339 Or. at 511. Plaintiff also argues that because she is unrepresented, she should not be expected to comply with these rules. But "[a]ll litigants, even those proceeding *pro se*, are required to comply with the court rules." *Rahal v. City of San Jose*, 999 F.2d 544, 1993 WL 263467, at *1 (9th Cir. 1993); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

Plaintiff also generally argues that the Multnomah County Circuit Court and the Oregon Court of Appeals discriminated against her, deprived her of her due process rights, allowed the Adventist Defendants to injure her, and misapplied the law, resulting in a "fraudulent" finding in favor of the Adventist Defendants in the prior case. The Court rejects this as a legal basis on which to decline to apply claim preclusion. Accordingly, Plaintiff's claims against Adventist and Swaninger are barred by claim preclusion. Plaintiff's claims against Adventist and Swaninger are dismissed with prejudice, and the Court does not reach these defendants' alternative arguments.

2. **Claims Against Shaw**

   a. **Preclusion**

Shaw was dismissed from Plaintiff's previous case for failure to prosecute. ECF 74-1. Generally, "Oregon courts would not give preclusive effect to a prior judgment of dismissal for failure to prosecute or to comply with a court's order because it was not the product of a decision on the substantive merits of the dismissed claims," although a dismissal *with prejudice* is claim-preclusive "even if the dismissal was due to a procedural fault and not a decision on the substantive validity of the action." *Cornus Corp. v. Geac Enter. Sols., Inc.*, 252 Or. App. 595, 604 (2012). Shaw's dismissal does not expressly indicate that it was meant to be with prejudice, and Oregon law states that "[u]nless the court in its judgment of dismissal otherwise specifies, a

dismissal under this section operates as an adjudication without prejudice." Or. R. Civ. P. 54(B)(4). Therefore, Shaw's dismissal was without prejudice in *Ramirez I*. Standing alone, *Ramirez I* does not preclude Plaintiff's current claim against Shaw.

Plaintiff's claims against Shaw, however, may be barred by claim preclusion based on her prior claims against Adventist in *Ramirez I*. If Shaw were in privity with Adventist, Shaw may be able properly to invoke claim preclusion. *See Secor Invs., LLC v. Anderegg*, 188 Or. App. 154, 167 (2003) ("Oregon courts have consistently reiterated that claim preclusion protects not only parties to previous litigation but also other persons who were in privity with those parties."); *Harrington v. Ward*, 2007 WL 2816214, at *4 (D. Or. Sept. 27, 2007) ("For a prior action to have preclusive effect, the defendants in each action do not have to be identical, rather it is enough that they were in privity.") (interpreting Oregon law). Plaintiff alleges at one point that Shaw was an employee but alleges at another point that Shaw was an independent contractor of Adventist. If Shaw were an employee of Adventist, Plaintiff's claims against Shaw may be precluded because Shaw was "in privity" with Adventist. *See Gleason v. Gilmour*, 2010 WL 5017930, at *3 (D. Or. December 3, 2010) ("For the purpose of claim preclusion, employees are considered to be in privity with their employers.") (quoting *Harrington*, 2007 WL 2816214, at *4)); *Fabre v. O'Brien*, 2012 WL 1886775, at *3 (D. Or. May 23, 2012) (same).[1] Shaw, however, submitted a declaration indicating that in May of 2013 she was not an employee of Adventist. Although the Court is limited to considering only the allegations of a complaint in

---

[1] Generally, "[w]hen *respondeat superior* is the sole asserted basis of liability against a master for the tort of its servant, an adjudication on the merits in favor of either the master or servant precludes suit against the other." 46 AM. JUR. 2D JUDGMENTS § 592; *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 51 (1982). The Ninth Circuit has held that "[w]here . . . the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other." *Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959).

deciding a motion to dismiss, because Plaintiff alleges both that Shaw is an employee and that she is an independent contractor, the Court notes the inconsistency in Plaintiff's allegations, treats the allegations as alternative pleading, considers the declaration to help elucidate that inconsistency, and proceeds as if Shaw were *not* an employee of Adventist, which is the inference that favors Plaintiff. Assuming that Shaw is not an employee of Adventist, there are insufficient facts alleged to demonstrate that Shaw and Adventist are in privity. Thus, Plaintiff's claims against Shaw are not barred by claim preclusion.

### b. Statutes of Limitation

Plaintiff's complaint is not a model of clarity. Plaintiff's claims that may be construed as relating to Shaw allege medical negligence, racial discrimination, and intentional infliction of emotional distress.[2] All of these claims arise out of Plaintiff's treatment at Adventist on May 26 and 27, 2013.

### i. Medical malpractice claim

Oregon law governs Plaintiff's state-law claim for medical negligence. Oregon law provides a two-year statute of limitations for claims arising from medical treatment, beginning on the "date when the injury is first discovered or in the exercise of reasonable care should have been discovered." Or. Rev. Stat. ("ORS") § 12.110(4). Plaintiff's claim against Shaw arises out of treatment at Adventist in May of 2013. Plaintiff does not allege that she learned about the

---

[2] Ramirez also alleges in her fourth cause of action that Defendants engaged in conspiracy and fraudulent concealment, and aiding and abetting fraudulent concealment, in violation of Title 18 of the U.S. Code, Section 1512. Title 18, however, is the federal criminal code. Thus, Ramirez does not state a private civil claim merely by alleging a violation of 18 U.S.C. § 1512. Ramirez also alleges a breach of fiduciary duty by Defendants generally, and specifically by her emergency room doctors. The Court construes this not as a separate cause of action but rather as a part of her claim for medical negligence. Ramirez further alleges the aiding and abetting of a breach of fiduciary duty, but alleges this only against specific Defendants, and does not include Shaw in that cause of action.

PAGE 7 – OPINION AND ORDER

alleged malpractice sometime after her treatment. Thus, her claim accrued on May 27, 2013, and the statute of limitations expired on May 27, 2015. This lawsuit was filed on May 26, 2017.

Even if Plaintiff had alleged that she could not have known about her causes of action until sometime after her treatment, the very latest she could be deemed to have knowledge of her alleged negligent treatment was when she filed her first lawsuit against the Adventist Defendants regarding the very same medical treatment. Although Plaintiff does not state in her complaint the date on which she commenced *Ramirez I*, she states that the Multnomah County Circuit Court dismissed her complaint with prejudice on December 18, 2014, which was more than two years before Plaintiff commenced her current lawsuit. Therefore, Plaintiff's medical malpractice claim is barred by the applicable statute of limitations.

### ii. Racial discrimination claim

Plaintiff's claims of racial discrimination with respect to Shaw similarly arise entirely out of Plaintiff's treatment at Adventist in May 2013. Plaintiff alleges three different causes of action with respect to her claims of racial discrimination, based on four different statutes. First, she alleges a violation of 42 U.S.C. § 1981. Second, she alleges a violation of ORS § 659A.403. Third, she asserts a cause of action arising under 42 U.S.C. § 1983. Finally, she alleges a violation of Title II of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000a), which is discussed further in section A.2.c below. "Because only equitable relief is available under § 2000a, courts have found that no statute of limitations applies to § 2000a claims." *Jackson v. Waffle House, Inc.*, 413 F. Supp. 2d 1338, 1362 (N.D. Ga. 2006).

Section 1981 does not have its own statute of limitations, and the Supreme Court has held "that federal courts should apply 'the most appropriate or analogous state statute of limitations' to claims based on asserted violations of § 1981." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004) (quoting *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)). An

PAGE 8 – OPINION AND ORDER

exception to this general rule exists, however, when "a cause of action arises under an Act of Congress enacted after December 1, 1990,"—*i.e.*, when it was "made possible by a post-1990 enactment." *Id*. at 382 (quotation marks omitted). In that case, the claim is subject to a four-year statute of limitations under 28 U.S.C. § 1658. *Id.* Plaintiff argues that her claims are subject to the four-year statute of limitations. Because she received treatment on May 26 and 27, 2013, and first filed her federal complaint in this matter on May 26, 2017, her claims would be within the four-year statute of limitations. Plaintiff does not however show, as she must, that her claims were "made possible by a post-1990 enactment" to § 1981.

Plaintiff bases her § 1981 claim on discrimination in the making and enforcement of contracts with healthcare providers. The version of § 1981 in existence before December 1, 1990, addressed discrimination in the making and enforcement of contracts. *Compare* 42 U.S.C. § 1981 (1988) *with* 42 U.S.C. § 1981 (Supp. I 1989) *and* 42 U.S.C. § 1981 (Supp. II 1990). Plaintiff's claims, therefore, did not arise under, and were not made possible by, a post-1990 amendment to Section 1981. The Court must therefore apply the most appropriate or analogous state statute of limitations. Absent the above exception, Section 1981 actions are governed by the "personal injury statute of limitations of the forum State." *Jones*, 541 U.S. at 371; *see also Goodman*, 482 U.S. at 663 (holding the same, prior to Congress' enactment of § 1981 as recognized in *Jones*). Oregon's personal injury statute of limitations is two years. ORS § 12.110(1). As discussed above, Plaintiff's claims fall outside this window.

Plaintiff also alleges a violation of ORS § 659A.403, which carries a one-year limitations period. ORS § 659A.875(4) ("A civil action under ORS 659A.885 alleging an unlawful practice in violation of ORS 659A.403 or 659A.406 must be commenced within one year of the occurrence of the unlawful practice."). Plaintiff's claims fall outside of this period.

Although it is not entirely clear whether Plaintiff intends to assert a § 1983 claim against Shaw, to the extent that she does, such a claim is also barred by the statute of limitations. The statute of limitations in a lawsuit brought under § 1983 is the same as provided under state law for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). As discussed above, Oregon's personal injury statute of limitations is two years; Plaintiff's claims fall outside this two-year window.

### iii. Intentional infliction of emotional distress claim

Under Oregon law, claims for intentional infliction of emotional distress are subject to a two-year statute of limitations. ORS § 12.110(1). Plaintiff's claims against Shaw for intentional infliction of emotional distress therefore also fall outside of the statutory period.

### iv. Conclusion

Plaintiff asks that the Court toll the applicable statutes of limitations, but the Court finds no legally compelling reason for tolling, and declines to do so. Therefore, Plaintiff's claims against Shaw for medical negligence (including her allegation of breach of fiduciary duty) and intentional infliction of emotional distress, as well as her claims arising under 42 U.S.C. §§ 1981, 1983, and ORS § 659A.403 are barred by the applicable statutes of limitations. Because the failure to comply with a statute of limitations may not be cured, these claims are dismissed with prejudice.

### c. Other Statutory Bars

Plaintiff also alleges a violation of 42 U.S.C. § 2000a. As an initial matter, the Court notes that whether a hospital, particularly a private hospital, qualifies as a "public accommodation" under § 2000a is not clear. Several courts have held that hospitals do not fall within the statutory definition of public accommodation. *See Goonewardena v. N. Shore Long Island Jewish Health Sys.*, 2012 WL 7802351, at *10 (E.D.N.Y. Nov. 5, 2012), *report and*

PAGE 10 – OPINION AND ORDER

*recommendation adopted*, 2013 WL 1211496 (E.D.N.Y. Mar. 25, 2013), *aff'd*, 597 F. App'x 19 (2d Cir. 2015) (noting that "the case law in this Circuit is clear that a private hospital is not a place of public accommodation under Title II of the Civil Rights Act of 1964"); *Ford v. Surprise Family Urgent Care Ctr., LLC*, 2011 WL 13137866, at *2-3 (D. Ariz. Sept. 6, 2011) ("Plaintiff has not cited, and the Court was unable to locate, any cases in which a hospital, clinic, or doctor's office was found to be a place of public accommodation under Title II. . . . Because the Urgent Care Center is not a place of public accommodation as defined by Title II of the Civil Rights Act, Plaintiff fails to state a claim as a matter of law."); *Foster v. Howard Univ. Hosp.*, 2006 WL 2938701, at *2 (D.D.C. Oct. 13, 2006) (concluding that a hospital was not a place of public accommodation); *Verhagen v. Olarte*, 1989 WL 146265, at *4 (S.D.N.Y. Nov. 21, 1989) (observing that "Congress went to the effort of specifying those establishments which constitute places of public accommodation under § 2000a," and hospitals and clinics were not included); *Rogers v. Provident Hosp.*, 241 F. Supp. 633, 639, 639 n.5 (N.D. Ill. 1965) (noting that "it is clear that this action could not have been brought" under § 2000a because "[t]he language of the Public Accommodations Section, 42 U.S.C. § 2000a seems not to include hospitals").

At least one court, however, has concluded that a hospital that has a cafeteria or snack shop open to the public qualifies as a public accommodation. *United States v. Med. Soc'y of S.C.*, 298 F. Supp. 145, 152 (D.S.C. 1969) ("Since the cafeteria and the snack bar are located within the premises of Roper Hospital and are held out as serving the same patrons, Roper Hospital is a place of public accommodation within the meaning of 42 U.S.C. § 2000a(b)(4)."). This analysis was criticized, however, by the Seventh Circuit Court of Appeals, which noted that the analysis failed to consider the "crucial issue under §2000a(b)(4)(B): Whether the *hospital* held *itself* out

as serving the patrons of the snack bar and cafeteria." *Dombrowski v. Dowling*, 459 F.2d 190, 198 n. 20 (7th Cir. 1972) (emphasis in original).

Plaintiff has not alleged whether Adventist has a public cafeteria and, if so, whether Adventist held itself out as serving the patrons of the cafeteria. Nonetheless, Defendants do not dispute in the pending motions that Adventist is a public accommodation for purposes of § 2000a. The Court, however, need not reach this issue because even assuming Adventist is a public accommodation, Plaintiff's claim under § 2000a fails.

Shaw argues that Plaintiff failed to comply with a statutory notice requirement, and thus is barred from bringing her § 2000a claim. The statute provides that:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State . . . which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person . . . .

42 U.S.C. § 2000a-3(c). Because Oregon has its own statute prohibiting discrimination in places of public accommodation, and because Oregon's Bureau of Labor and Industries ("BOLI") has authority to grant relief from such practices, Plaintiff was required to give written notification to BOLI of her intent to sue Defendants. ORS §§ 659A.403, 659A.800. Plaintiff has not alleged that she did so. Therefore, her claim is barred for failing to comply with this statutory notice requirement.

Additionally, because only injunctive relief is available under § 2000a, the Court must ascertain whether there is any injunctive relief it may order against Shaw that will redress Plaintiff's alleged harm. Plaintiff alleges generally that she seeks injunctive relief but does not

PAGE 12 – OPINION AND ORDER

request any specific relief from any defendant. The Court cannot determine any prospective injunctive relief against Shaw that it could order that would redress Plaintiff's alleged harm. Moreover, the Court finds that Plaintiff's allegations fail to show that she is entitled to prospective injunctive relief. *See Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (holding that to be entitled to prospective injunctive relief a plaintiff "must demonstrate that he is realistically threatened by a *repetition* of [the violation]" (alterations and emphasis in original) (quotation marks omitted)). Plaintiff fails to allege how she realistically is threatened by repeated injury from Shaw, who no longer works at Adventist. Accordingly, Plaintiff's § 2000a claim is dismissed. Because the Court finds that amendment would be futile because no injunctive relief is available against Shaw and there is no realistic threat of repetition, this dismissal is with prejudice.

### d. Conclusion

All of Plaintiff's claims against Shaw are dismissed with prejudice for the reasons discussed above.

## B. Plaintiff's Motions[3]

### 1. Motion for Extension of Time to File Service

Plaintiff's motion for extension of time to file service of process is denied as moot.

---

[3] In her response to Adventist's motion to dismiss, Ramirez states that she moved for leave to file a Third Amendment Complaint. No such motion is before the Court. Plaintiff indicates that she would like to add a claim under 42 U.S.C. § 1983 against Adventist and its employees. Plaintiff may not file any such motion relating to the Adventist Defendants because these Defendants have been dismissed from her case with prejudice.

### 2. Motion for Court-Appointed Expert Witness

Plaintiff also moved for a court-appointed physician expert witness pursuant to Rule 706 of the Federal Rules of Evidence. The Court finds that a court-appointed expert witness is not warranted at this time. Plaintiff's request for a court-appointed expert is denied.

## CONCLUSION

The motions to dismiss filed by Adventist Medical Center (ECF 57) and Drs. Krista Swaninger and Tania Shaw (ECF 74) are GRANTED. Plaintiff's claims against these defendants are dismissed with prejudice. Plaintiff's motion for an extension of time to complete service of process (ECF 79) is DENIED as moot. Plaintiff's motion for a court-appointed expert witness (ECF 82) is DENIED.

**IT IS SO ORDERED**.

DATED this 24th day of October, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge