IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARICELA RAMIREZ**, | Case No. 3:17-cv-831-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ADVENTIST MEDICAL CENTER**, *et al.*, | |
| Defendants. | |

Maricela Ramirez. Plaintiff, *pro se*.

Rodney K. Norton, HART WAGNER, LLP, 1000 SW Broadway, Portland, OR 97205. Stephanie C Kucera, HART WAGNER, LLP, 439 SW Umatilla Avenue, Redmond, OR 97756. Of Attorneys for Defendant Adventist Medical Center.

Robert M. Keating, Kelly Frances Huedopohl, and Tamara X. Arthur, KEATING JONES HUGHES, P.C., One SW Columbia, Suite 800, Portland, OR 97258-2095. Of Attorneys for Defendants Tania Shaw, MD, and Krista Swaninger, MD.

Michael T. Stone and Grant D. Stockton, BRISBEE & STOCKTON, LLC, 139 NE Lincoln Street, Hillsboro, OR 97123. Of Attorneys for Defendant Providence Health & Services – Oregon *doing business as* Providence St. Vincent Medical Center.

Chelsea J. Glynn and Donald E. Templeton, DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP, 851 SW Sixth Avenue, Suite 1500, Portland, OR 97204-1357. Of Attorneys for Defendant Metro West Ambulance Service, Inc.

John Clinton Geil, Oregon Department of Justice, 100 SW Market Street, Portland, OR 97201. Of Attorney for Defendants State of Oregon, Oregon Department of Justice, Oregon State Board of Nursing, Oregon Health Authority, Suzanne Meadows, and Charla Stephenson.

**Michael H. Simon, District Judge.**

Plaintiff Maricela Ramirez ("Plaintiff"), *pro se*, sues Providence Health & Services—Oregon, doing business as Providence St. Vincent Medical Center ("Providence"), its emergency department staff, and "Does 1-100" who Plaintiff alleges are employees or independent contractors of Providence.[1] Plaintiff's Third Amended Complaint ("Complaint") alleges that Providence committed discrimination, conspiracy and fraudulent concealment, medical malpractice, breach of fiduciary duty, and intentional infliction of emotional distress. Before the Court is Providence's motion for summary judgment. For the reasons that follow, this motion is granted.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

---

[1] Plaintiff has also brought claims against various other defendants, all of whom have already been dismissed from this case.

255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

It is the responsibility of the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Keiffer v. Pernsteiner*, 967 F.2d 527 (9th Cir. 1992). In order for a party to avoid summary judgment, such facts must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed R. Civ. P. 56(c)(1)(A). Where an affidavit or declaration is relied on to oppose a summary judgment motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed R. Civ. P. 56(c)(4). Where the party opposing summary judgment is proceeding *pro se*, the court "must consider as evidence . . . all of [that party's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## BACKGROUND[2]

Plaintiff's claims arise out of a visit to Providence's emergency department on October 8, 2015. It is undisputed that on the evening of October 8, Plaintiff sought care at

---

[2] Plaintiff has not attested to the veracity of most of the assertions she makes in her complaint or in her response to Providence's motion for summary judgment, as she must for the court to consider those assertions as evidence. Although Plaintiff submitted a declaration in support of her response attesting to the veracity of the documents attached to her motion (ECF 209), in that declaration she attests to the veracity of only a limited number of facts relied upon in her Complaint and responsive briefing. Nonetheless, the Court will, for purposes of this motion, presume that all of Plaintiff's statements of fact have been properly sworn.

PAGE 3 – OPINION AND ORDER

Providence and an ER doctor removed a piece of garlic from Plaintiff's nostril. Plaintiff also states that she suffers from what she claims are symptoms of low blood pressure, including lethargy, dizziness, and blackouts.[3] Plaintiff further states that her low blood pressure is caused by kidney failure, liver disease, and several other medical ailments, and that all patients with kidney failure should be transported to the emergency department for additional assessment and treatment. Based on these various assertions, Plaintiff alleges that Providence, by simply removing the garlic from her nose and discharging her without admitting her to the hospital or providing treatment for various other medical conditions, deliberately discriminated against Plaintiff on the basis of race. Plaintiff argues that Providence deliberately misdiagnosed her and improperly discharged her, denying her hospitalization and appropriate medical care for what she states was a life-threatening condition.

## DISCUSSION

### A. Discrimination

Plaintiff asserts claims under 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and Oregon Revised Statutes ("ORS") § 659A.403. Each of these claims stems from Plaintiff's assertion that Providence and its employees discriminated against Plaintiff on the basis of race. Plaintiff also

---

[3] There is a dispute about Plaintiff's blood pressure readings during her visit. Plaintiff states that she was told that her blood pressure was very low. Plaintiff's discharge paperwork, which Providence submitted in support of its motion, however, indicates that Plaintiff was told, at least at discharge, that her blood pressure reading had been *high* during her visit. ECF 203 at 28. Plaintiff disputes at least one blood pressure reading contained in the medical records submitted by Defendant, because she said it was taken over her shirt sleeve. Plaintiff provides no evidence, however, that this method does not provide an accurate blood pressure reading. Plaintiff also submits evidence that her blood pressure reading was 115/52 when she was discharged, which Plaintiff states is a low blood pressure. Plaintiff supports that statement in part by noting that a doctor previously told her a reading of 101/48 was low, but with no other medical or other evidence. This dispute, however, is immaterial to the resolution of Plaintiff's claims against Providence.

argues that Providence mistreated her in retaliation for a previous discrimination claim she filed against other organizations or medical providers. Plaintiff states, but provides no evidence that, one of the doctors against whom she previously made a complaint was a "colleague" of Defendant.

Plaintiff's claims of discrimination have no factual support in the record. Plaintiff presents no evidence to suggest that she was mistreated. Although there is some factual dispute about Plaintiff's blood pressure at the time of her visit to the hospital, and Plaintiff alleges that she suffers from various conditions which required further treatment than she received, Plaintiff has provided no medical evidence in her opposition to Providence's motion for summary judgment that supports this claim. Furthermore, there is no evidence that Plaintiff was treated differently from other patients, refused service, or otherwise discriminated against because of, or on the basis of, her race or ethnicity. Although some of Plaintiff's medical records reflect the fact that she identifies as Hispanic or Latina, there is no indication that Plaintiff's treatment was affected by this fact. Plaintiff's claims under 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and ORS § 659A.403 are therefore dismissed.

**B. Conspiracy and Fraudulent Concealment**

Plaintiff alleges in her fourth cause of action that Defendant engaged in conspiracy and fraudulent concealment, and aided and abetted fraudulent concealment, in violation of 18 U.S.C. § 1512. Title 18 of the United States Code, however, is the title containing the federal criminal code. Plaintiff does not state a private, civil claim by alleging a federal violation under 18 U.S.C. § 1512. In response to Providence's motion for summary judgment, Plaintiff argues that she states a claim for civil conspiracy. There are simply no facts, however, upon which a reasonable jury could conclude that Defendant engaged in or aided and abetted an unlawful conspiracy or fraudulent concealment. *See Yanney v. Koehler*, 147 Or. App. 269 (1997) ("[A] civil conspiracy

is: 'a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means.'") (quoting *Bonds v. Landers*, 279 Or. 169, 174 (1997)). Plaintiff states that Providence accessed Plaintiff's medical records and learned that another medical care provider had previously injured Plaintiff, discriminated against her, and covered up several medical conditions. Plaintiff states that Providence acted in concert with Oregon Health and Science University Hospital and with all other defendants named in Plaintiff's lawsuit to "launch[] a persecution against Plaintiff." Plaintiff provides no evidence, however, to support any of these assertions. Plaintiff's claims for conspiracy and fraudulent concealment are dismissed.

**C. Medical Malpractice**

"Medical malpractice cases are nothing more that negligence actions against medical professionals." *Rogers v. Meridian Park Hosp.*, 307 Or. 612, 619 (1989). To establish such a claim, Plaintiff must show "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation, i.e.,* a causal link between the breach of duty and the harm." *Stevens v. Bispham*, 316 Or. 221, 227 (1993); *see also Zehr v. Haugen*, 318 Or. 647 (1994) (applying *Stevens* to a medical malpractice case). In a medical malpractice case, the "fundamental issue . . . is whether the defendant breached the standard of care and caused injury to the plaintiff." *Rogers*, 307 Or. 612, 619. ORS § 677.095 codifies the physicians standard of care, and explains that a physician "has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community." "In most medical malpractice cases, expert testimony is required to establish the standard of care." *Trees v. Ordonez*, 354 Or. 197, 207 (2013). When, "[o]n the other hand, . . . the jury is capable of deciding what is reasonable conduct without

PAGE 6 – OPINION AND ORDER

assistance from an expert medical witness," expert testimony is not required to establish the standard of care. *Getchell v. Mansfield*, 260 Or. 174, 179-80 (1971). "[A]s a general rule, a plaintiff in a medical malpractice case must [also] offer expert testimony that, to a reasonable medical probability, the alleged breach of the standard of care caused the plaintiff's injuries." *Chouinard v. Health Ventures*, 179 Or. App. 507, 512 (2002).

In this case, Plaintiff has submitted no expert evidence that Defendant violated the standard of care, or that any such violation caused Plaintiff any injury. The Court does not believe that any such breach was "obvious" such that it would not require expert testimony. Plaintiff does not dispute that she presented to the emergency room with garlic in her nostril, and that Providence's medical providers removed that garlic. Plaintiff's allegations are that, in doing so, Providence deliberately misdiagnosed her and failed to provide adequate medical treatment for *other* conditions that Plaintiff claims to suffer from. These are not the sort of issues that would be obvious to lay persons.[4] Furthermore, Defendant presents expert evidence opining that the standard of care was met during Plaintiff's visit to Providence. ECF 202. In light of this undisputed evidence, Plaintiff's medical malpractice claim is dismissed.

**D. Breach of Fiduciary Duty**

Plaintiff separately brings a claim for breach of fiduciary duty, alleging that Providence's employee-doctors owed Plaintiff fiduciary duties. Plaintiff alleges that physicians at Providence deliberately misdiagnosed her, failed to disclose a life-threatening medical condition she had, and failed to hospitalize her and provide her with follow-up care. Plaintiff alleges that this constituted a breach of the physicians' duty to provide Plaintiff with appropriate medical care, and violated the trust Plaintiff placed in those doctors.

---

[4] For this reason, Plaintiff's suggestion that the doctrine of *res ipsa loquitur* applies to her allegation of medical malpractice is also unavailing.

PAGE 7 – OPINION AND ORDER

As an initial matter, Plaintiff's claim for a breach of fiduciary duty is "not materially different" from her medical malpractice claim. *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97, 110 n. 7 (1992) ("The form of action for a claim against a fiduciary for breaching a duty of care arising from the relationship is not materially different from a claim against a physician, a lawyer, or an engineer for breaching a duty of care arising from such a relationship. Notwithstanding repeated references by this and other courts to a 'breach of a fiduciary duty,' the form of action is the same, and the theory of recovery—breach of the duty of care that the law implies from the relationship—is the same."). Although Plaintiff does suggest that her treating physicians violated the trust she placed in them, Plaintiff does not allege that those who treated her owed her a duty over and above, or separate from, the general duty of care owed in a physician-patient relationship. Furthermore, as discussed above, there is no evidence to support Plaintiff's assertion that Providence or its employees violated any standard of care or duty owed to Plaintiff. To the contrary, there is evidence that Providence provided Plaintiff with appropriate medical care.

### E. Intentional Infliction of Emotional Distress

Under Oregon law, to prevail on a claim for intentional infliction of severe emotional distress, Plaintiff must show that: "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 321 Or. 532, 543 (1995) (quoting *Sheets v. Knight,* 308 Or. 220, 236 (1989). The intent element requires that "the actor desires to inflict severe emotional distress, and . . . knows that such distress is certain, or substantially certain, to result from his conduct." *McGanty*, 321 Or. at 550 (quoting Restatement (Second) of Torts § 46 (1965).

Plaintiff alleges that Defendant's conduct was intentional, malicious, done for the purpose of causing severe emotional distress, and was extreme and outrageous. Plaintiff has pointed to no supporting evidence, however, that Providence or its employees intended to inflict severe emotional distress on Plaintiff, or that their acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. Plaintiff argues that Providence purposely denied her medical treatment and covered up her true medical condition. Plaintiff has no evidence supporting any of these conclusions, and they are refuted by the evidence that Providence has put in the record. Plaintiff fails to present a genuine issue for trial.

**F. Claims under 42 U.S.C. § 1983**

Plaintiff's Complaint does not appear to make a § 1983 claim against Providence. Plaintiff suggests in her response to Providence's motion for summary judgment, however, that she intended to bring such a claim. To state a claim for liability under Section 1983, "'a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1149 (9th Cir. 2011)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . . .'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

A private individual may, under certain circumstances, act under the color of state law. The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any

one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* Plaintiff has presented no evidence that Providence acted "under the color of state law." *Tsao*, 698 F.3d at 1138. Therefore, to the extent that Plaintiff asserts at § 1983 claim against Providence, that claim is dismissed because there is no evidence that Providence is a state actor.

## CONCLUSION

Providence's motion for summary judgment (ECF 201) is GRANTED. Plaintiff's claims against Providence, and its employees or any independent contractors, are dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 27th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge